## SANDS v. SALTSMAN et al.

(Supreme Court, Appellate Division, Third Department. December 30, 1912.)

1. EVIDENCE (§ 332*)—DOCUMENTS—JUDICIAL RECORDS—ENTIRE RECORD.

In an action to recover money represented by certificates of deposit claimed to belong to plaintiff's intestate, it was error to admit the record of proceedings in the Surrogate's Court, and his findings in proceedings against defendant herein to discover assets of the estate, since the certificates could have been produced by subpœna duces tecum if they were in the surrogate's custody.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1237–1246; Dec. Dig. § 332.*]

2. APPEAL AND ERROR (§ 1052*)—HARMLESS ERROR—ADMISSION OF EVIDENCE.

Where, in an action to recover money represented by certificates of deposit claimed to belong to plaintiff's intestate, defendant did not make out a prima facie case of ownership of the certificates or their proceeds, any error in admitting evidence would not require reversal of a judgment for plaintiff.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4171–4177; Dec. Dig. § 1052.*]

3. EVIDENCE (§ 265*)—CERTIFICATES OF DEPOSIT—TITLE.

Mere admissions of intestate, while certificates of deposit were in her possession, that they belonged to defendant, or that intestate had agreed that they or the proceeds should be his, did not show prima facie title in defendant, in absence of proof of assignment, indorsement, or delivery to him.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1029–1050; Dec. Dig. § 265.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Trial Term, Cortland County.

Action by George S. Sands, as administrator of Sarah J. Saltsman, deceased, against Frank Saltsman, impleaded with another. From a judgment for plaintiff, the defendant named appeals. Affirmed.

Argued before SMITH, P. J., and KELLOGG, HOUGHTON, BETTS, and LYON, JJ.

B. T. Wright, of Cortland, for appellant.

Fred Hatch, of Cortland, for respondent.

PER CURIAM. [1] It was error to receive in evidence for any purpose the record of the proceedings in the Surrogate's Court and the findings of the surrogate in the matter of the discovery of assets belonging to the estate of the plaintiff's intestate, instituted therein against the defendant Saltsman. If the certificates which the defendant had obtained the money upon were in the custody of the surrogate or his clerk, a subpœna duces tecum could have produced them, without introducing in evidence the entire record in that proceeding.

[2, 3] If the defendant on the trial had succeeded in making even a prima facie case of ownership of the certificates of deposit in controversy, or the moneys which they represented, we would feel called upon, because of such error, to reverse the judgment. The evidence, however, falls far short of showing any title in the defendant. Mere admissions by the plaintiff's intestate, while the certificates remained in her possession, that they belonged to the defendant, or that she had agreed with him that they should be his, or that the money was his, and that he had the right to draw the money thereon, in the absence of any proof that they had been assigned, or indorsed over to him, or delivered to him, are insufficient to establish prima facie title. The proof of possession of the key by the defendant Saltsman to the trunk in which the certificates were kept, with other securities belonging to the plaintiff's intestate, under the circumstances, was insufficient to show delivery of the certificates in question.

For the same reason, if it was error to receive the letters which the defendant wrote to his sisters, which we do not decide, the error was harmless.

It follows that the judgment must be affirmed, with costs.